IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CHARLES LAWHON JUSTO, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.  5:06-cv-571-KOB-TMP |
| ) | |
| GRANTT CULLIVER, Warden; ) | |
| and the ATTORNEY GENERAL ) | |
| OF THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in this case on July 3, 2007, recommending that the petition for writ of habeas corpus be dismissed with prejudice as time barred under 28 U.S.C. § 2244(d)(1).  Petitioner filed his objections to the report and recommendation on July 16, 2007, advancing the argument that his petition cannot be time barred because the indictment charging him with second-degree theft in 1988 was so defective that the state court was never vested with jurisdiction to adjudicate him guilty of the offense (notwithstanding his guilty plea to it).  In particular, he points out that the only copy of the indictment contained in the record does not bare the signature of either the grand jury foreperson or the district attorney.  The court notes that the statement of the offense contained in count two of the indictment is a complete and accurate allegation of second-degree theft, to which the petitioner pleaded guilty.

Having carefully reviewed and considered *de novo* all of the materials in the court file, including the report and recommendation and the objections to it, the court agrees with the magistrate judge that the petition is now time barred.  Petitioner pleaded guilty to second-degree theft

in January 1988, and was sentenced to two-years in custody, which he fully served long before the filing of this petition.[1] The petition is plainly time barred, unless the petitioner is factually innocent of the theft offense, such that refusal to consider his claim now amounts to an unconstitutional suspension fo the writ. Given that he pleaded guilty to the offense, it seems unlikely that he is factually innocent of it.

Furthermore, binding authority on this court has already determined that the absence of a foreperson's signature on an Alabama indictment does not deprive the state court of jurisdiction. See Franklin v. Hightower, 215 F.3d 1196 (11th Cir. 2000), where the court of appeals rejected a petitioner's request for a certificate of appealability, saying:

> Franklin's appeal presents two distinct procedural questions. The first is whether Franklin has procedurally defaulted his claim that the 1982 indictment was void because the foreperson of the grand jury did not sign it, and that the circuit court therefore lacked jurisdiction. Because this procedural question is not debatable among jurists of reason, we do not need to evaluate the merit of the claim here. Franklin presented this claim in state courts in a successive petition filed two years after his first state-court petition; he has offered no reason for not including the claim in his first state petition. Rather, he argues that the time-bar relied on by the Alabama courts is not consistently applied — and thus not a procedural bar under federal law — because the defect in the indictment was jurisdictional, and under Alabama law jurisdiction may be reviewed at any time. This argument is patently meritless because its premise is wrong: the foreperson's failure to sign the indictment is not jurisdictional under Alabama law. See In re Goulden, 292 Ala. 704, 299 So. 2d 325, 326 (1974) ( "The failure of the foreman of the grand jury to endorse the indictment as a true bill did not deprive the circuit court of jurisdiction ...." ).

Id. at 1199. The same result is due here. Under Franklin's binding authority, the lack of a foreperson's signature on an Alabama indictment is not jurisdictional, and thus, is subject to

---

[1] The court does not reach the "in custody" requirement discussed by the magistrate judge. It appears, however, that there is, at least, a possibility that the 1988 theft conviction was used to enhance petitioner's 1989 rape/sodomy convictions, so that his current life without parole sentence may constitute being "in custody" under the theft conviction due to its possible use for enhancement.

Alabama's one-limitation period for asserting Rule 32 petitions. For the same reason, the one-year limitation mandated by § 2244(d)(1) also applies. Thus, petitioner's objections to the report and recommendation are due to be overruled.

By separate order, the court will overrule the objections, adopt the report and recommendation, and dismiss the instant petition.

DATED this 31st day of July, 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE